PHILLIP A. TALBERT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>EARNEST RUFF,<br><br>                              Defendant. | CASE NO.  1:21-CR-00183-DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>DATE: August 24, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**BACKGROUND**

This case is set for status conference on August 24, 2022.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This, previous, and subsequent General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has

1 | emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
2 | openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
3 | *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no
4 | exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at
5 | 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
6 | judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
7 | or in writing").

8 | Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
9 | and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-
10 | justice continuances are excludable only if "the judge granted such continuance on the basis of his
11 | findings that the ends of justice served by taking such action outweigh the best interest of the public and
12 | the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable
13 | unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that
14 | the ends of justice served by the granting of such continuance outweigh the best interests of the public
15 | and the defendant in a speedy trial."  *Id.*

16 | The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
17 | T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
18 | natural disasters, or other emergencies, this Court has discretion to order a continuance in such
19 | circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
20 | following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
21 | recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*
22 | *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time
23 | following the September 11, 2001 terrorist attacks and the resultant public emergency).

24 | The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt
25 | proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-
26 | exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act
27 | continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL
28 | 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status conference on August 24, 2022.

2.      By this stipulation, defendant now moves to continue the status conference until January 11, 2023, and to exclude time between August 24, 2022, and January 11, 2023, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

        a)      The government has represented that the discovery associated with this case includes investigative reports, photographs, videos, and other information. All this discovery has been either produced directly to counsel and/or made available for inspection and copying.

        b)      Counsel for defendant desires additional time consult with his client, review the discovery, conduct independent investigation, and pursue a pretrial resolution of the case. The government has shared an offer with defense counsel, and defense counsel seeks to contemplate the offer and discuss it with his client.

        c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking

1    into account the exercise of due diligence.

2         d)       The government does not object to the continuance.

3         e)       Based on the above-stated findings, the ends of justice served by continuing the

4    case as requested outweigh the interest of the public and the defendant in a trial within the

5    original date prescribed by the Speedy Trial Act.

6         f)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

7    et seq., within which trial must commence, the time period of August 24, 2022 to January 11,

8    2023, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code

9    T4] because it results from a continuance granted by the Court at defendant's request on the basis

10   of the Court's finding that the ends of justice served by taking such action outweigh the best

11   interest of the public and the defendant in a speedy trial.

12       4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

13   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

14   must commence.

15       IT IS SO STIPULATED.

16

17

18   Dated:  August 9, 2022                          PHILLIP A. TALBERT
                                                      United States Attorney

19
                                                      /s/ JUSTIN J. GILIO
20                                                    JUSTIN J. GILIO
                                                      Assistant United States Attorney
21

22
23   Dated:  August 9, 2022                          /s/ Dan Harralson
                                                      Dan Harralson
24                                                    Counsel for Defendant
                                                      Earnest Ruff
25

26

27

28

## ORDER

IT IS SO ORDERED that the status conference is continued from August 24, 2022, to **January 11, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv). The parties are admonished to submit their stipulation timely in compliance with the Court's Minute Order to avoid burdening the Court's limited resources.  Any future failure to timely do so may subject counsel to sanctions and/or result in denial of the parties' stipulation.

IT IS SO ORDERED.

Dated:   **August 19, 2022**                    /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE